**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2141
_____

| | | |
|---|---|---|
| Pamela A. Bushman, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Mercy Care Management, Inc., | * | **NON-PUBLISHED** |
| | * | |
| Defendant-Appellee. | | |

_____

Submitted:  November 17, 1997
Filed: December 12, 1997

_____

Before BOWMAN, LAY, and MURPHY, Circuit Judges.

_____

PER CURIAM.

This is an appeal from a grant of summary judgment involving a retaliation claim brought under 42 U.S.C. § 2000e-3(a).  The plaintiff, Pamela Bushman, sought damages under Title VII and the Iowa Civil Rights Act resulting from an allegedly hostile working environment based upon racial discrimination.[1]  She asserted she was terminated for making an oral complaint to the Iowa Civil Rights Commission regarding discrimination practices of her employer.  Bushman did not allege that she was the

_____

[1]Bushman worked as a medical transcriber at Mercy Care North, a medical clinic in Cedar Rapids, Iowa.

object of the discrimination, (Bushman is white) but rather alleged that the work place was permeated with discriminatory racial intimidation, ridicule and insult, which created a hostile working environment. The district court found that the conditions had not created a cognizable hostile working environment. The court dismissed Bushman's retaliation claim as well as other claims. Bushman appeals only the dismissal of her retaliation claim.

The record shows that on August 12, 1994, Bushman told Trina Heath, an office manager at Mercy, that she had talked to the Iowa Civil Rights Commission and planned to pursue a complaint against Mercy. Appendix at p. 205. Ms. Heath opposed Bushman's plan to file a civil rights complaint. Id. Bushman had been told by the Commission that she must have corroborating evidence from other employees to support her complaint. Appendix at p. 55. During evening hours, Bushman spoke with several other employees by telephone regarding the racial hostility at Mercy as part of her effort to gather corroborating evidence. Appendix at pp. 55-59; 210-77. On August 18, 1994, Bushman was reprimanded for talking to the other employees regarding the complaint. Appendix at p. 459. That evening, Bushman called an employee who Bushman believed supported the civil rights complaint to discuss the recent events. Appendix at pp. 193-200. On the morning of August 19, 1994, Bushman was terminated for allegedly harassing the employee she had contacted. Appendix at p. 461. Immediately thereafter, she filed a formal complaint with the Commission. Appendix at pp. 10-11.

Bushman was entitled, as the non-moving party, to all favorable inferences from the overall evidence. Under the circumstances, we find a genuine issue of material fact as to whether her alleged insubordinate conduct or Bushman's complaint to the Iowa Civil Rights Commission was the basis for her termination. As such, we find the trial court erred in granting a summary judgment and we remand for a trial of Bushman's retaliation claim.

IT IS SO ORDERED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.